# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHNNIE TYRELL JOHNSON, JR.,

        Petitioner,

                                          CIVIL NO. 2:18-CV-12329

v.                                     HONORABLE PAUL D. BORMAN

WILLIS CHAPMAN,

        Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Johnnie Tyrell Johnson, Jr. ("Petitioner"), confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, Petitioner challenges his convictions for: (1) first-degree murder, Mich. Comp. Laws § 750.316; (2) felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and (3) possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b.

Petitioner filed a motion to hold the petition in abeyance in order to permit him to complete post-conviction proceedings in the state courts, in which he is exhausting additional claims that are not currently contained in his petition.

1

The Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to complete post-conviction proceedings in the state courts. The Court further administratively closes the case until the above-mentioned claims are exhausted.

## I. BACKGROUND

Petitioner was convicted following a jury trial in the Genesee County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Johnson,* No. 313112, 2014 WL 1051665 (Mich. Ct. App. Mar. 13, 2014); *leave denied,* 497 Mich. 855, 852 N.W.2d 621 (2014).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Johnson*, No. 11-029033-FC (Genesee Cty. Cir. Ct. May 1, 2017).[1] Petitioner claims that he is in the process of appealing the denial of the post-conviction motion.

Petitioner filed a petition for writ of habeas corpus, seeking habeas relief on the five claims that he raised on his appeal with the Michigan appellate courts.

Petitioner has also filed a motion to hold the petition in abeyance while he finishes his post-conviction proceedings in the state courts.

---

[1] This Court obtained some of this information from the Genesee County Circuit Court online records database. www.co.genesee.mi.us (last visited September 5, 2018).

## II. DISCUSSION

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay"); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline,* 246 F. App'x 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk*, 299 F. 3d at 83); *see also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Although there is no bright-line rule that a district court should never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, in order for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be a compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *see also Bowling,* 246 F. App'x at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because a petitioner had independent proceeding pending in state court involving other claims).

The Court grants Petitioner's motion to hold the petition in abeyance while he completes his post-conviction proceedings in the state court. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time-barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

Additional factors merit holding the petition in abeyance while Petitioner finishes exhausting his new claims on state collateral review. In particular, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the Petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Moreover, "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting

4

judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Other considerations support granting a stay. This Court is currently not in a position to determine whether Petitioner's new claims have any merit, thus, the Court cannot say that Petitioner's claims are "plainly meritless." *Thomas,* 89 F. Supp. 3d at 943. Nor, on the other hand, can the Court at this time find that Petitioner's new claims plainly warrant habeas relief. *Id.* If the state courts deny post-conviction relief, this Court would still benefit from the state courts' adjudication of these claims in determining whether to permit Petitioner to amend his petition to add these claims. *Id.*

Finally, there is no prejudice to the respondent in staying this case, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [Petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas,* 89 F. Supp. 3d at 943.

Even where a district court determines that a stay is appropriate pending exhaustion, however, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278

(2005). To ensure that there are no delays by a petitioner in exhausting state court remedies, this Court imposes time limits within which a petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this order, which he has already done. *See Palmer,* 276 F.3d at 781. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *Id.*

## III. ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. After Petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in Petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the

related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-44.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court shall order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 6, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 6, 2018.

s/Deborah Tofil
Case Manager