UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE TYRELL JOHNSON, Jr.,

                Petitioner,

                                  CIVIL NO. 2:18-CV-12329

v.

                                  PAUL D. BORMAN
                                  UNITED STATES DISTRICT COURT

S.L. BURT,

                Respondent.
_____/

OPINION AND ORDER:
(1) GRANTING MOTION TO LIFT THE STAY OF PROCEEDINGS AND
DIRECTING THE CLERK OF THE COURT TO REOPEN THE CASE TO THE
COURT'S ACTIVE DOCKET; (2) AMENDING THE CAPTION; (3)
GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS
CORPUS; (4) DIRECTING THAT THE ORIGINAL AND AMENDED
PETITIONS (Dkt. ## 1, 8) BE SERVED UPON THE RESPONDENT AND THE
MICHIGAN ATTORNEY GENERAL; AND (5) DIRECTING RESPONDENT
TO FILE AN ANSWER AND THE RULE 5 MATERIALS IN THIS CASE

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254. The petition was held in abeyance to permit petitioner to finish exhausting

additional claims in the state courts. Petitioner filed a motion to supplement the

petition for writ of habeas corpus, which is construed as a motion to lift the stay and

to file an amended habeas petition. The motions are GRANTED. The Clerk of the

1

Court shall reopen the case to the Court's active docket. The Clerk shall serve a copy of the original and amended petitions for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The caption is amended to reflect the name of petitioner's current warden, S.L. Burt.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See, e.g., Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Therefore, the case is reopened.

The caption in this case is amended to reflect that the proper respondent in this case is now the warden of the prison where petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), 28 foll. U.S.C. § 2254.

The Court permits petitioner to amend his habeas petition. Petitioner's motion to file the proposed supplement to his petition is granted because it advances new claims that may have arguable merit. *See, e.g., Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

The Clerk of the Court shall serve a copy of the original and amended petitions for writ of habeas corpus (Dkt. ## 1, 8) and a copy of this order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in

Rule 4 of the Rules Governing § 2254 Cases. *See Coffee v. Harry,* No. 04-71209, 2005 WL 1861943, *2 (E.D. Mich. Aug. 2, 2005). Respondent shall file an answer within one hundred and eighty (180) days of the Court's order. *See Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. Respondent shall provide the Rule 5 materials with the answer. *See Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Petitioner has forty five days from the receipt of the answer to file a reply brief, if he so chooses. *See* Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## CONCLUSION

For the reasons stated above, the Court (1) GRANTS Plaintiff's Motion to Lift the Stay of Proceedings and directs the Clerk of the Court to reopen the case to the Court's active docket; (2) AMENDS the caption; (3) GRANTS the Motion to Amend Petition for Writ of Habeas Corpus; (4) DIRECTS that the original and amended petitions (Dkt. ## 1, 8) be served upon the Respondent and the Michigan Attorney General; and (5) DIRECTS Respondent to file an answer and the Rule 5 materials in this case.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
Dated: June 11, 2019          UNITED STATES DISTRICT COURT JUDGE